# EXHIBIT B

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TELEPHONE (713) 861-0015
FACSIMILE (713) 861-0021
TOLL FREE (866) 203-5411
www.VossLawFirm.com

February 10, 2017

# AMENDED DTPA DEMAND

*Via Certified Mail, RRR*
*No. 7016 1370 0001 5430 9878*
Allstate Vehicle and Property Insurance Company
3075 Sanders Road, Suit H1a
Northbrook, IL 60062

| RE: | Client/Insured | : | *Tiffany Conway (AKA Tiffany Walker)* |
|---|---|---|---|
| | *Policy No.* | : | *000 829 174 023* |
| | *Claim No.(s)* | : | *0394635429* |
| | *Property Address* | : | *10515 Silver Creek, Scurry, Texas 75158* |
| | *Total Demand* | : | *$99,363.84* |
| | *Actual Damages* | : | *$96,363.84* |
| | *Attorney's Fees* | : | *$3,000.00* |
| | *Expiration* | : | *60 Calendar Days* |

INTAKE UNIT

FEB 28 2017

Dear Claims Department:

Please accept this letter as formal written notice of representation by this law firm of the above insured, Tiffany Conway (AKA Tiffany Walker), regarding the above numbered claim and listed property, as well as all damages related thereto. This law firm is the sole representative of Tiffany Conway (AKA Tiffany Walker) as it relates to all matters pertaining to the above mentioned claim and property.

As Allstate Vehicle and Property Insurance Company knows, Tiffany Conway (AKA Tiffany Walker) suffered a covered loss to her residential property due to interior water damage that occurred on or around December 11, 2015. In the aftermath, Tiffany Conway (AKA Tiffany

Allstate Vehicle and Property Insurance Company
February 10, 2017

Walker) relied on her insurance company and agents to help with her extensive monetary loss. Specifically, Allstate Vehicle and Property Insurance Company and others conspired to, and improperly adjusted Tiffany Conway (AKA Tiffany Walker)'s claim so that she would not receive the coverage she had originally contracted to receive. Thus, this demand is now necessary to recover damages arising from its unfair refusal to pay insurance benefits as represented by the specific insurance policy sold to Tiffany Conway (AKA Tiffany Walker). Accordingly, Tiffany Conway (AKA Tiffany Walker) now seeks relief under Texas common law, the Deceptive Trade Practices-Consumer Protection Act, and numerous provisions within the Texas Insurance Code.

# I.
## BACKGROUND FACTS

On or around December 11, 2015, my client of Scurry, Texas suffered extensive interior water damage. This event caused severe and continuing destruction to my client's property located at 10515 Silver Creek, Scurry, Texas 75158. As Allstate Vehicle and Property Insurance Company must concede, and as any proper investigation by Allstate Vehicle and Property Insurance Company will yield, extensive damage and loss was suffered by my client's property.

To date, this case remains unpaid or dramatically underpaid. Accordingly, this DTPA Demand is being sent as an opportunity for Allstate Vehicle and Property Insurance Company to settle this case without further cost to Allstate Vehicle and Property Insurance Company, and without it having to face an unsympathetic Texas jury regarding a loss that should have been paid months ago. However, as this has not occurred, the following claims and causes of action will be available to my client pursuant to Texas common law, the Deceptive Trade Practices Act and the Texas Insurance Code.

# II.
## CAUSES OF ACTION

## A. DECEPTIVE TRADE PRACTICES –
## VIOLATIONS OF THE TEXAS INSURANCE CODE

The conduct of Allstate Vehicle and Property Insurance Company in this matter constitutes false, misleading and deceptive acts and practices in violation of the *Texas Deceptive Trade Practices – Consumer Protection Act,* specifically because of its:

- Unwarranted denial of full payment of Tiffany Conway (AKA Tiffany Walker)'s claim;

- Failure to communicate pertinent information to Tiffany Conway (AKA Tiffany Walker);

Allstate Vehicle and Property Insurance Company
February 10, 2017

---

- Failure to conduct a reasonable investigation of the claim;

- Refusal to pay the claim in full without investigating;

- Failure to deny or pay the claim within a reasonable period of time;

- Failure to confirm or deny coverage within a reasonable period of time;

- Failure to attempt to come to a fair and reasonable settlement when liability is clear;

- Offering substantially less money to settle than the true value of the claim;

- Failure to promptly provide a reasonable explanation for denial of a claim;

- Failure to enter into any negotiations for settlement of the claim; and/or

- Failure to respond to a time-limit demand.

Additionally, Allstate Vehicle and Property Insurance Company knowingly and intentionally engaged in unfair settlement practices by failing to timely affirm or deny coverage of Tiffany Conway (AKA Tiffany Walker)'s claim. It is a violation of the Texas Insurance Code for an insurer to fail to affirm or deny, *within a reasonable time,* coverage of a claim to a policyholder, including Tiffany Conway (AKA Tiffany Walker). In addition, should Allstate Vehicle and Property Insurance Company repeatedly request irrelevant information and documentation despite having all pertinent and necessary items, statements, and forms to fully evaluate Tiffany Conway (AKA Tiffany Walker)'s claim, Allstate Vehicle and Property Insurance Company is in violation of the Texas Insurance Code.

## B. UNFAIR SETTLEMENT PRACTICES

The Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties or beneficiaries of insurance policies. Based upon the conduct of Allstate Vehicle and Property Insurance Company to date, Allstate Vehicle and Property Insurance Company has thus far committed the following prohibited practices:

- Misrepresenting a material fact or policy provision relating to coverage;

- Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

Allstate Vehicle and Property Insurance Company
February 10, 2017

---

- Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

- Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

- Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

- Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy; and/or

- Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

## C. PROMPT PAYMENT OF CLAIMS

The Prompt Payment of Claims Statute provided in the Texas Insurance Code imposes certain deadlines for an insurance company to acknowledge, investigate, and accept or reject a claim. The Supreme Court has stated that '*If an insurance company violates the statute and the insured party can prove the existence of coverage, then the insurer can be held liable for attorney's fees and an additional 18% per annum in addition to the amount of the claim.*' Additionally, insurance companies must request from the claimant all items, statements, and forms that the insurance company reasonably believes will be required from the claimant. Multiple requests may be permitted when reasonably necessary, but multiple, incremental and meaningless requests are an absolute violation of the statute.

At this point in time, Allstate Vehicle and Property Insurance Company is clearly barred from claiming that Allstate Vehicle and Property Insurance Company has not received all information relevant to evaluating Tiffany Conway (AKA Tiffany Walker)'s claim. Moreover, Allstate Vehicle and Property Insurance Company has made no offer to settle for an amount that reasonably reflects the value of Tiffany Conway (AKA Tiffany Walker)'s loss. Finally, no valid reason was given for the actions taken by Allstate Vehicle and Property Insurance Company, as outlined above.

## D. NEGLIGENCE, COMMON LAW FRAUD, MISREPRESENTATION & NONDISCLOSURE

As Allstate Vehicle and Property Insurance Company know, when a claim is made under an insurance policy, the insured party may feel that the coverage provided by the insurance

---

Allstate Vehicle and Property Insurance Company
February 10, 2017

company is less than what was represented or promised to them by the insurance company or its agent at the time of sale. If an insurance company or its agent promises one thing and then fails or refuses to fulfill that promise, they can be held liable for negligence, fraud, misrepresentation, and/or nondisclosure.

Insurance companies and their agents have an obligation to clearly and fully disclose any limitation or exclusions an insurance policy may contain. If they fail to adequately disclose such limitations or exclusions and then later use them as a reason for denying a claim by the insured, they may be liable under Texas law. These rules exist to protect insured parties from the unfair or negligent practices of insurance companies.

## E. BREACH OF CONTRACT

Tiffany Conway (AKA Tiffany Walker) entered into a valid and enforceable written insurance contract pursuant to the laws of Texas. The contract provided Tiffany Conway (AKA Tiffany Walker) would pay policy premiums for her insurance policy, and that Allstate Vehicle and Property Insurance Company, her insurance company, would provide coverage for her claims in the event of a covered loss. Tiffany Conway (AKA Tiffany Walker) fully performed her contractual obligations by making policy premium payments as required by her insurance contract.

Allstate Vehicle and Property Insurance Company has materially breached the contract by failing to provide adequate coverage following the claim filed by Tiffany Conway (AKA Tiffany Walker). Moreover, despite filing a claim which notified Allstate Vehicle and Property Insurance Company of her loss, Tiffany Conway (AKA Tiffany Walker) has yet to receive full compensation as required by the insurance contract.

## F. BREACH OF FIDUCIARY DUTY

Allstate Vehicle and Property Insurance Company has a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Tiffany Conway (AKA Tiffany Walker). As a result, Allstate Vehicle and Property Insurance Company has a legal duty of good faith and fair dealing to the policyholder. Allstate Vehicle and Property Insurance Company breached that fiduciary duty in that:

- The subject transaction was not fair and equitable to Tiffany Conway (AKA Tiffany Walker);

- Allstate Vehicle and Property Insurance Company did not make reasonable use of the confidence that Tiffany Conway (AKA Tiffany Walker) placed in it;

Allstate Vehicle and Property Insurance Company
February 10, 2017

- Allstate Vehicle and Property Insurance Company did not act in the utmost good faith and did not exercise the most scrupulous honesty towards Tiffany Conway (AKA Tiffany Walker);

- Allstate Vehicle and Property Insurance Company did not place the interests of Tiffany Conway (AKA Tiffany Walker) before its own, and it used the advantage of its position to gain a benefit for itself at the expense of Tiffany Conway (AKA Tiffany Walker);

- Allstate Vehicle and Property Insurance Company placed itself in a position where its self-interest might conflict its obligations as a fiduciary; and/or

- Allstate Vehicle and Property Insurance Company did not fully and fairly disclose all important information to Tiffany Conway (AKA Tiffany Walker) concerning the sale of the policy.

Disputes periodically occur between the insured and the insurer regarding representations made at the time of sale of an insurance policy such as the one at issue. However, most of the time, as in this case, the insured places into the insurer a level of trust and confidence. The insurer thereby develops a fiduciary relationship with the insured. Allstate Vehicle and Property Insurance Company and its agents breached that trust with Tiffany Conway (AKA Tiffany Walker), and Allstate Vehicle and Property Insurance Company is therefore liable for Tiffany Conway (AKA Tiffany Walker)'s damages for breach of fiduciary duty.

## III.
## CONCLUSION

Tiffany Conway (AKA Tiffany Walker) has incurred considerable damages as a result of the mishandling of her insurance claim. For your convenience, please see the accompanying estimate and photographic evidence from James M Judge & Assoc. LLC illustrating the severity of the devastation and associated costs required to properly repair the damage. When looking at all the evidence available in this matter, it would most certainly be enough to convince a jury to reward a substantial judgment of actual and penalty damages against Allstate Vehicle and Property Insurance Company in this case. Taking into consideration the undisputed and irrefutable evidence that exists, the fact that a substantial judgment would likely be awarded against Allstate Vehicle and Property Insurance Company by a jury, and in order to avoid further litigation, we are offering to settle this matter for a total of $99,363.84 which includes actual damages in the amount of $96,363.84, and attorney's fees in the amount of $3,000.00.

We reserve the right to adjust the above amounts to conform to the information and evidence that will become available during the time leading up to trial, should litigation become necessary. This includes additional attorney's fees, Court costs and all applicable accrued pre-judgment and

Allstate Vehicle and Property Insurance Company
February 10, 2017

penalty interest allowed by Texas law.

## IV.
## SETTLEMENT AND RELEASE

The purpose of this letter is to encourage Allstate Vehicle and Property Insurance Company to resolve this matter in a fair and equitable manner without the need for further legal action. In the event Allstate Vehicle and Property Insurance Company fails to respond to this letter with an offer of settlement that is acceptable, Tiffany Conway (AKA Tiffany Walker) will have no alternative but to instruct our firm to file a lawsuit against Allstate Vehicle and Property Insurance Company. The lawsuit will be filed under the *Texas Deceptive Trade Practices – Consumer Protection Act* and the *Texas Insurance Code,* as well as the other authorities outlined above.

In such lawsuit, rather than seeking only the monetary amount we are now asking for, we will seek to recover the full measure of damages, expenses and attorney's fees incurred, as allowed by law. To that end, this correspondence also acts as formal notice under §38 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, of intent to seek attorney's fees in this matter. Ultimately, the amount of damages awarded by a jury will increase dramatically.

This demand is conditioned upon delivery of written acceptance prior to the expiration of 60 calendar days from the date of its receipt of this demand. For its convenience, a settlement check will be held in trust until a release has been fully executed. Said release will be sent via mail to its attention at its office location.

Allstate Vehicle and Property Insurance Company has long been provided with copies of all records and information relevant to evaluating this claim. We, therefore, consider Allstate Vehicle and Property Insurance Company in a position to act promptly on this demand. After the expiration of 60 calendar days from the date of its receiving this demand, the demand is withdrawn. We reserve the right to then proceed against Allstate Vehicle and Property Insurance Company personally for the full extent of all possible damages.

In regard to the above demand, be aware that this law firm has been assigned an attorney's fee interest in any and all claim(s) related to the above policy and would appreciate it if Allstate Vehicle and Property Insurance Company will limit contact to us for any information or assistance with respect to said claim(s). In addition, please send any future payments related to the above policy to this law firm's address for handling, with The Voss Law Firm, P.C. named as an additional payee to secure our interest in attorney's fees.

Additionally, please immediately provide me a payment log indicating all payments made and to whom they were made; also include a brief description of the purpose of each payment regarding this claim. Moreover, consistent with Tiffany Conway (AKA Tiffany Walker)'s rights under the policy, please immediately forward any and all copies of the following to our attention:

Allstate Vehicle and Property Insurance Company
February 10, 2017

- Underwriting file, including the policy, application, amendments, etc.;

- Letters sent to/from Tiffany Conway (AKA Tiffany Walker);

- A full copy of the claims file;

- All documents regarding the processing of the above claim;

- A description outlining why the above claim has not been paid in full;

- its file notes;

- Videos taken/received regarding the above claim;

- Photographs taken/received regarding the above claim;

- All investigative reports regarding the above claim; and/or

- All engineering reports regarding the above claim.

We consider this entire letter a pertinent communication with respect to the resolution of this case. A prompt response is therefore expected.

Respectfully submitted,

Clayton Hardin
Attorney at Law
clayton@vosslawfirm.com

CH:dcm
Enclosure: Estimate



7016 1370

The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

FROM:
CARR: USPS
TRK#: 70161370000154309878
RCVD: 02/21/2017    09:01

TO:   BOOTH HATTIE
PH:   8474025769
MSC:  A2W
PCS:  1

FLR: 7-Z    MSC: A2W
BOOTH HATTIE

Allstate V
3075 San
Northbro